```
               IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

SHAWN WRIGHT,

              Plaintiff,          Civil No. 07-3725 (JBS)

   v.

CALVIN EVANS, et al.,        **MEMORANDUM OPINION**

              Defendants.

**Simandle, District Judge**:

    1.  This matter is before the Court on Plaintiff's motion for pro bono counsel [Docket Item 25]. Plaintiff, who is proceeding *in forma pauperis*, is currently incarcerated at the Federal Correctional Institution in Fairton, NJ. Plaintiff's initial motion for pro bono counsel was denied without prejudice as premature at the commencement of this litigation [Docket Item 7]. Defendants received extensions of time to answer and Plaintiff renewed his request for counsel on January 30, 2008, which only Defendant Spinelli opposed, on February 22, 2008, four days late. For the reasons explained below, the Court shall grant the motion.

    2.  The Court may, pursuant to 28 U.S.C. § 1915(e)(1), request an attorney to represent an indigent plaintiff in a civil action. See L. Civ. R., App. H. Under 28 U.S.C. § 1915(e) "district courts [have] broad discretion to request an attorney to represent an indigent civil litigant." Tabron v. Grace, 6

F.3d 147, 153 (3d Cir. 1993).  In exercising that discretion, this Court typically considers (1) the plaintiff's ability to present his or her case; (2) the complexity of the legal issues involved; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require expert testimony; and (6) whether the plaintiff can attain and afford legal counsel.  Id. at 156-57; Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997).

4.  Plaintiff alleges in this action that Defendants intentionally housed him with drug dealers and others against whom he cooperated in violation of his agreement with Defendants and in order to intentionally cause him harm, including emotional distress, which he alleges he has suffered.

5.  Plaintiff claims that he is unable to pursue his case on his own because much of the discovery he seeks cannot be in his possession due to security restrictions at his jail.  Further, although Plaintiff indicates that the facts surrounding his case are known to him, he claims to need a lawyer's assistance in understanding the Court's rules and procedures and in proceeding in this matter.  Motions to dismiss are pending in this matter and they raise complex legal arguments related to jurisdiction, immunity, and statutory interpretation.  The Court finds that

these matters are difficult for an incarcerated lay person to respond to on his own, especially in light of this Plaintiff's filings in this Court.  Thus, the first three <u>Tabron</u> factors weigh in favor of granting the motion.

6.  It is unclear to this Court whether this case will turn on expert testimony or credibility determinations, therefore those factors do not weigh in favor of appointing counsel.

7.  Finally, Plaintiff has adequately explained his search for counsel in this case and why his prior criminal attorney is unwilling to represent him.  Accordingly, the sixth <u>Tabron</u> factor weighs in favor of appointing counsel.

8.  Additionally, "[i]f it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to appointing counsel. . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." <u>Id.</u> at 156 (citations omitted).  Plaintiff is indigent and, as noted above, will have serious difficulties presenting his case.  The Court has already determined that the case against these Defendants survived the initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Accordingly, this supplemental consideration weighs in favor of the request for counsel.

9.  On balance, the <u>Tabron</u> factors weigh in favor of appointing counsel.  The Court further finds that its

understanding of the issues in the case will be greatly aided if legal counsel is representing Plaintiff.  For all these reasons, the Court shall enter an appropriate Order requesting the appointment of pro bono counsel to represent Plaintiff and staying the pending motions to dismiss until fourteen days after counsel has been appointed.


**May 27, 2008**                                    **s/ Jerome B. Simandle**
Date                                            Jerome B. Simandle
                                                U.S. District Judge